UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR., ET AL

VERSUS

JAMES M. LEBLANC

CIVIL ACTION

NUMBER 12-444-JJB-SCR

**ORDER OF DISMISSAL**

Pro se plaintiffs Preston G. Demouchette, Jr. (#90331), Frank Walgamotte (#77557), Roy Lee Jones (#98435) and A.V. Barnett (#125936), inmates confined at Louisiana State Penitentiary, Angola, Louisiana, have jointly filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiffs seek leave to proceed in forma pauperis. For the following reasons, the plaintiffs will not be permitted to join in a single complaint.

The Prison Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of filing fee." 28 U.S.C. § 1915(b)(1). Implementation of the PLRA was designed to make prisoners experience the deterrent effect of the filing fee. *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Each individual plaintiff must feel the financial effect of filing a suit in federal court. See *id.*; 28 U.S.C. § 1915(b).

The circuit courts that have addressed the issue have

concluded that prisoner plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002). The Seventh and Eleventh Circuits disagree, however, as to whether it is permissible for prisoner plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard*, 262 F.3d at 1198 (each prisoner must bring a separate suit since latter-enacted statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with and repeals earlier-enacted permissive joinder rules of Rule 20, Fed.R.Civ.P.) *with Bouribone*, 391 F.3d at 854-56 (multiple prisoner plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). The Fifth Circuit has not addressed this issue.

The Court need not determine whether there is an inherent conflict between § 1915(b) and Rule 20. Having reviewed the complaint, the Court agrees with numerous other district courts confronted with multiple plaintiff prisoner claims following enactment of the PLRA, and determines that the impracticalities and inherent difficulties of allowing the plaintiffs to proceed jointly necessitate a severance of each plaintiff's claims. *See, e.g., Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009); *Bowes v. Alder*, 2006 WL 1626834 (N.D.Ga. June 5, 2006); *Swenson v.*

2

*MacDonald*, 2007 WL 240233 *2-4 (D.Mont. Jan. 30, 2006); *Naasz v. Dretke*, 2005 WL 124939 (N.D.Tex. May 26, 2005). This is particularly true in this case where the plaintiffs' claims arise from criminal prosecutions in different state court judicial districts, apparently based on violations of different criminal laws. Moreover, because the plaintiffs appear to be challenging their underlying criminal convictions, the plaintiffs will likely have to bring their claims in a habeas corpus proceeding.

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners should not be allowed to circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

In this instance, joinder is also improper because Demouchette (who drafted the complaint) and Jones, both have accumulated three strikes and are ineligible to proceed in forma pauperis.

For these reasons, the Court will not allow the plaintiffs to proceed jointly in the instant case. Therefore;

IT IS ORDERED that this matter be severed into four separate actions in which each plaintiff proceeds on his own and is responsible for the full $350.00 district court filing fee.

IT IS FURTHER ORDERED that the claims raised by plaintiffs

Preston G. Demouchette, Jr. Frank Walgamotte, Roy Lee Jones and A.V. Barnett are dismissed without prejudice and their respective motion to proceed in forma pauperis is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall open a new case and assign a separate civil action number for each plaintiff dismissed from CV 12-444-JJB-SCR in their individual name only. The Clerk should include a copy of the complaint and the respective pauper motion in each new case.

IT IS FURTHER ORDERED that the original multi-plaintiff complaint is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk serve each plaintiff with a copy of this order.

Baton Rouge, Louisiana, August 15th, 2012.

---
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE